IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOB BRIGHTWELL, | ) |
| Plaintiff, | ) Civil Action No. 03 - 205J |
| vs. | ) |
| JOSEPH LEHMAN, in his official capacity as the Commissioner of Pennsylvania Department of Corrections; RAYMOND J. SOBINA, in his official capacity as Superintendent of the State Correctional Institution at Somerset; SYLVIA GIBSON, in her official capacity as Deputy Superintendent for Centralized Services of the State Correctional Institution at Somerset; GERALD ROZUM, in his official capacity as Acting Deputy Superintendent for Facilities Management of the State Correctional Institution at Somerset; DANIEL J. GEHLMANN, in his official capacity as Major of Unit Management of the State Correctional Institution at Somerset; and LEO GLASS, in his official capacity as Captain of Inmate Receiving Committee (I.R.C.) of the State Correctional Institution at Somerset, | ) Judge Kim R. Gibson / Magistrate Judge Lisa Pupo Lenihan  Doc. No. 83 |
| Defendants. | ) |

## ORDER

**AND NOW**, this 19th day of May, 2006, after consideration of Plaintiff's Motion for Abatement and Motion for Appointment of Counsel, **IT IS ORDERED** that Plaintiff's Motions are **DENIED**. Plaintiff may, however, renew his motion for counsel at the time of trial.

The main reason Plaintiff provides for his request for counsel is that he has been placed in restrictive housing and cannot adequately pursue his case. No reasoning was given for Plaintiff's request for the abatement. This case is close to three years old and the Court does not believe it would be prudent to allow it to be stayed at this point. The more time that elapses, the more difficult it will become for all parities to prove their case.

Regarding counsel, Plaintiff specifically requests counsel trained in this area of the law to assist him, at no charge. Unfortunately, lawyers who are both willing and qualified to undertake these matters are few and far between. Should this case survive summary judgment and proceed to trial, however, the Court will reconsider this request. In <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994), the Court of Appeals for the Third Circuit identified standards to be considered by the district courts in exercising their discretion whether to "appoint"[1] counsel pursuant to 28 U.S.C. § 1915(d).[1]  The Court does not believe that the standards of <u>Tabron</u> have been met and does not find the fact that Plaintiff is currently in restrictive housing to be relevant to this decision.

**IT IS FURTHER ORDERED** that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

---

[1]. 28 U.S.C. § 1915(e) does not authorize the court to "appoint" counsel; it authorizes the court to "request" an attorney to represent a litigant unable to employ counsel. See <u>Mallard v. United States District Court</u>, 490 U.S. 296 (1989).

1

_[signature]_
Lisa Pupo Lenihan
United States Magistrate Judge

cc:     BOB BRIGHTWELL
        AM-5842
        SCI Mahanoy
        301 Morea Road
        Frackville, PA 17932

        Counsel of Record