```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


                                    )
BOB BRIGHTWELL,                     )
                                    )   Civil Action No. 03-205J
           Plaintiff                )
                                    )   Judge Kim R. Gibson/
     vs.                            )   Magistrate Judge Lisa
                                    )   Pupo Lenihan
                                    )
JOSEPH LEHMAN, RAYMOND SOBINA,      )
SYLVIA GIBSON, GERALD ROZUM,        )   Re:  Doc. Nos. 84, 88, 90
DANIEL J. GEHLMANN, and LEO GLASS,  )   & 91
                                    )
           Defendants               )
                                    )
                                    )
```

**MEMORANDUM ORDER**

Bob Brightwell ("Plaintiff"), is currently serving a life sentence for murder. He is a litigious prisoner, having earned at least three strikes, preventing him from proceeding in forma pauperis. Claims remaining in the present action include an Eighth Amendment allegation for failure to properly treat medical conditions and a claim of retaliation because of a letter of complaint Plaintiff wrote to the Pennsylvania Bureau of Professional and Occupational Affairs. He has filed a series of motions which this order addresses. Defendants filed a consolidated response. Doc. 94.

In Document No. 84, Plaintiff seeks sanctions against the Defendants. In this motion, he complains of a number of things, including alleged actions of unspecified Defendants in conspiring

to falsely subject Plaintiff to level 5 Status Restricted Housing Unit ("RHU") without due process in order to interfere with his prosecution of this case.  The Court takes judicial notice of the fact that Plaintiff was transported to the George W. Hill Correctional Facility in Delaware County, i.e., the Delaware County Jail, for purposes of pursuing a PCRA petition and possible hearing.[1]  Doc. 92 (change of address filed by Plaintiff).  Hence, to the extent Plaintiff sought sanctions in order to spur the unspecified Defendants into not continuing to interfere with this suit by his placement the RHU level 5, given that he is no longer held in the RHU at SCI-Mahonoy, the present need for sanctions is not apparent. To the extent that Plaintiff sought sanctions to punish the unspecified Defendants for past actions, he has not persuaded the court that sanctions are merited.  <u>Dubois v. U.S. Dept. of Agriculture</u>, 270 F.3d 77, 80 (1st Cir. 2001) ("the power to sanction must be used with great circumspection and restraint, employed only in compelling situations.").  This is especially true given that Plaintiff has apparently been in the RHU at least since April 9, 2006, Doc. 94-2 at 33 (showing housing assignment to be "B-21 RHU") and ongoing

---

[1]  See <u>Commonwealth v. Brightwell</u>, No. CP-23-CR-732-1975 (Delaware County Ct. Common Pleas, order entered June 13, 2006) which is available at:

http://ujsportal.pacourts.us/WebDocketSheets/CPMunicipalDocket.aspx

until at least June 16, 2006, Doc. 91-1 at ¶ 6 (indicating Plaintiff was taken from "RHU yard") and that during this time he has filed a motion for reconsideration, Doc. 79, a response to the Defendants' answer, Doc. 82, a motion to appoint counsel, Doc. 83, in addition to three of the instant motions, Doc. Nos. 84, 88 and 90, which this order is addressing.  His status in the RHU does not appear to have affected his ability to file apparently whatever he wishes to file.

Plaintiff also appears to seek to raise a new claim in this motion for sanctions, Doc. 84, that he is being retaliated against for his continuing to pursue this suit by various DOC employees, none of whom appear to be named as defendants in this lawsuit, who are alleged to be taking his property, food and dietary supplements without due process.  To the extent that he is attempting to bring this as an independent separate claim, these alleged actions do not appear in the amended complaint and Plaintiff may not amend the complaint by making such new allegations in a motion for sanctions. <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 109 n.9 (3d Cir. 2002)("For the sake of clarity, a prisoner plaintiff (or any other plaintiff) should not be able effectively to amend a complaint through any document short of an amended pleading.").  To the extent that he is basing his request for sanctions on such allegations, again, the court notes that he is not now subject to the DOC employees because he

is in the George W. Hill Correctional Facility in Delaware County.  Hence, any such interference is not present now.  This same reasoning applies to Plaintiff's claim that he was being denied legal reference materials by two DOC individuals not named as defendants in this suit, i.e., Lt. Brought and Lt. Wetzel, who worked at SCI-Mahanoy.  Doc. 84-1 at ¶ 7.  Moreover, from his many filings it is apparent to this court that Plaintiff's ability to litigate this case has thus far not been stymied in any way.  He has demonstrated a clear and ongoing ability to litigate this case.

In addition, Plaintiff complains that he is not being provided with typewriters or the use of a copier.  He has no federal right to such.  <u>Sands v. Lewis</u>, 886 F.2d 1166, 1169 (9th Cir. 1989) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox.") (quoting <u>Jones v. Franzen</u>, 697 F.2d 801, 803 (7th Cir. 1983)); <u>Sallee v. Coughlin</u>, No. 96-1102, 1996 WL 476620 at *1 (E.D.Pa. Aug. 16, 1996) ("Inmates do not have a constitutional right to the use of photocopying equipment.").

Neither does Plaintiff have a federal right to use of a typewriter.  <u>Twyman v. Crisp</u>, 584 F.2d 352, 358 (10th Cir. 1978) ("Access to the courts does not include a federally protected right to use a typewriter."); <u>Jones v. Vidor</u>, 977 F.2d 581 (Table), 1992 WL 259298, *1 (6th Cir. 1992)("officials are not

4

required to provide prisoners with typewriters to facilitate their access to the courts"); Turner v. Ohio Atty. Gen., 810 F.2d 203 (Table), 1986 WL 18384, *1 (6th Cir. 1986)("a prisoner's right of access to the courts does not include a federally protected right to use a typewriter"). Moreover, as the Sixth Circuit Court of Appeals itself has explained, handwritten submissions do not in any way prejudice a pro se litigant. Evans v. Wilkerson, 99 F.3d 1138 (Table), 1996 WL 593524, *2 (6th Cir. 1996)("Since inmates are not prejudiced by the filing of handwritten documents, there is no constitutional requirement that inmates have access to typewriters to prepare pleadings and briefs.").

Moreover, it does not appear that he is being denied the ability to make photocopies of items that he desires to copy because he has actually supplied photocopies of affidavits that he apparently plans to submit to this court in this case. Doc. 84-2 at 7-11.

Accordingly, Plaintiff's motion for sanctions and request for hearing, Doc. 84 is denied.

Next, Plaintiff filed what appear to be two identical motions for sanctions for contempt based upon some of the Defendants' alleged failure to comply with a subpoena issued by Plaintiff. Doc. Nos. 88 & 90.  A copy of the subpoena, which was not provided by Plaintiff, was provided by the Defendants.  Doc.

94-2 at 39. The subpoena was not properly issued insofar as it was not signed by the Clerk of Courts or by an attorney. The governing Rule is Fed.R.Civ.P. 45(a)(3) which provides that

> The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. An attorney as officer of the court may also issue and sign a subpoena on behalf of [a court in which the attorney is authorized to practice]. . .

Plaintiff is not an attorney, despite his argument to the contrary, Doc. 88-1 at ¶ 2. Hence, the Clerk of Courts signature is required for the subpoena. Cf. United States v. Bueno, 443 F.3d 1017, 1026 (8th Cir. 2006)("In the present case, because the subpoena was not signed by the clerk, it did not comply with the requirements of [Criminal] Rule 17[2] and was not enforceable."). The subpoena being invalid on its face will not be enforced by this court with sanctions. Hence, Plaintiff's motions for sanctions, Doc. Nos. 88 & 90, are denied.

In his last motion, Doc. 91, he essentially seeks an injunction from this court ordering Defendant Edward Klem to release Plaintiff's legal materials in order to facilitate Plaintiff's prosecution of his PCRA petition that is currently pending in the Court of Common Pleas of Delaware County. He

---

[2] Fed.R.Crim.P. 17(a) provides in relevant part: "The clerk must issue a blank subpoena--signed and sealed--to the party requesting it, and that party must fill in the blanks before the subpoena is served."

6

claims that absent such order, his right of access to the courts is being denied.  Doc. 91-1 at ¶ 7 ("defendants [have] been . . . obstructing his access to the courts"). He complains that he was taken from SCI-Mahanoy to be transported to the George W. Hill Correctional Facility in Delaware County for his PCRA proceedings without prior notification and so he did not have time to collect his papers and legal work for the PCRA.  Doc. 91-1 at ¶ 6.[3]

There are at least two reasons why this motion should be denied.

The first reason is that Plaintiff fails to state a denial of access to courts claim as a matter of law because Pennsylvania law provides for counsel in PCRA proceedings.  See, e.g., Commonwealth v. Friend, 896 A.2d 607, 612 (Pa. Super. 2006). Because Plaintiff has a right to have counsel in the PCRA proceedings, he cannot make a denial of access to courts claim as a matter of law since Pennsylvania has chosen to provide access to courts in the PCRA proceedings via provision of counsel.  See, e.g., Schrier v. Halford, 60 F.3d 1309, 1313-1314 (8th Cir.

---

[3] Although not necessary to the court's decision to deny this motion, the Court takes judicial notice of the fact that it is common practice not to inform an inmate ahead of time when he is scheduled to be transported because of security concerns of planning escape attempts in anticipation of such transportation. Hence, contrary to Plaintiff's implication, failure to give him advanced warning of his departure, would not appear to be an intentional attempt on the part of the Defendants to interfere with his access to the courts so much as standard operating procedures.

1995)(having appointed counsel is one way in which state can shoulder its burden of assuring access to the courts); <u>Sanders v. Rockland County Correctional Facility</u>, No. 94 Civ. 3691, 1995 WL 479445 at *2 (S.D.N.Y. Aug. 14, 1995) ("By the appointment of counsel, plaintiff was afforded meaningful access to the courts in his trial."); <u>Rogers v. Thomas</u>, No. 94-4692, 1995 WL 70548 at *2 (E.D.Pa. Feb. 17, 1995), *aff'd*, 65 F.3d 165 (3d Cir. 1995) (Table) (notwithstanding that legal papers were taken from plaintiff inmate by prison officials, "plaintiff was not denied access to the courts because he was represented by court-appointed counsel, during the entire pendency of the appeal to which the legal papers related.  Thus, plaintiff was actually provided with, not denied, legal assistance.").  This is true, notwithstanding that it appears Plaintiff has filed several motions in the Delaware County Court of Common Pleas requesting leave to proceed pro se because he accuses his court appointed PCRA counsel of being ineffective and perfunctory. <u>Commonwealth v. Brightwell</u>, No. CP-23-CR-732-1975 (Delaware County Ct. Common Pleas, motions filed 2/10/06; 2/13/06; and 6/7/06). Hence, Plaintiff fails to make a denial of access to courts claim as a matter of law, and so, there being no denial of any federal right,[4] there is no basis on which to order any injunctive relief

---

    [4]   There is also no denial of property without procedural due process in light of Pennsylvania's post deprivation remedies. <u>Austin v. Lehman</u>, 893 F. Supp. 448, 454 (E.D. Pa. 1995) (both

in the form of an order directing Defendant Klem to do anything. See, e.g., Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 340 (1999)("Under standards governing preliminary injunctive relief generally, a plaintiff must show a likelihood of success on the merits and irreparable injury in the absence of an injunction.").

The second reason for denying the motion is that Plaintiff has apparently filed a motion in the PCRA Court that appears to be almost identical to Doc. 91 filed in this court. See Commonwealth v. Brightwell, No. CP-23-CR-732-1975 (Delaware County Ct. Common Pleas, motion captioned "Motion for Hearing and Relief or Alternative Issue Court Orders for Release of Legal Materials and . . ."[5] was filed on June 7, 2006). He did not file Doc. 91, the present motion being considered, in this court until June 21, 2006. Given that he is complaining about his PCRA proceedings and that he has previously filed what appears to be an identical motion in the PCRA court prior to filing the present

---

inmate grievance procedure and state tort law action constituted adequate post-deprivation remedies); Robinson v. Ridge, 996 F.Supp. 447, 450 n. 4 (E.D. Pa. 1997)(DOC grievance procedure constituted an adequate post deprivation procedure and hence no procedural due process claim was able to be made), aff'd, 175 F.3d 1011 (3d Cir. 1999)(Table); Rogers v. Mrs. Brown, No. Civ. A. 95-7867, 1996 WL 608473, *2 (E.D. Pa. Oct. 24, 1996) (both DOC grievance procedure and tort suit in state court may provide adequate post deprivation remedies).

[5] The title of the motion filed in this Court at Doc. 91 is "Motion For Hearing and Relief or Alternative Issue Court Orders for Release of Legal Materials and Property".

motion in this court, in the interest of judicial economy and in deference to the state court which has a greater interest in the PCRA proceedings and a greater familiarity with those proceedings than this court and was already cognizant of the motion, the court will deny the present motion. Cf. Rose v. Lundy, 455 U.S. 509, 518 (1982) ("federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, **and already cognizant of the litigation**, have had an opportunity to pass upon the matter.")(emphasis added).

Accordingly, the following order is entered,

**AND NOW** this 14th day of July 2006, it is hereby **ORDERED** that Plaintiff's motions for sanctions and a hearing for alleged interference, Doc. 84 and Plaintiff's two motions for sanctions for failure to comply with subpoenas, Doc. Nos. 88 & 90 and Plaintiff's motions for return of property and a hearing, Doc. 91, are **DENIED.**

## CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this order to the District Court. Any opposing party shall have seven (7) days from the date of service of the appeal to respond

thereto.  Failure to timely file an appeal may constitute a waiver of any appellate rights.

                                                          <u>/s/Lisa Pupo Lenihan</u>
                                                          Lisa Pupo Lenihan
                                                          U.S. Magistrate Judge

Dated: July 13, 2006


cc:   The Honorable Kim R. Gibson
      United States District Judge

      Bob Brightwell
      AM-5842
      SCI Mahanoy
      301 Morea Road
      Frackville, PA 17932

      Inmate Bob Brightwell
      George W. Hill Correctional Facility
      P.O. Box 23A
      Cheney Road
      Thorton, PA 19373

      Kemal Alexander Mericli
      Office of the Attorney General
      Civil Litigation Section
      564 Forbes Avenue
      6th Floor, Manor Complex
      Pittsburgh, PA 15219