IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOB BRIGHTWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 03 - 205J |
| | ) | |
| vs. | ) | |
| | ) | Judge Kim R. Gibson / |
| JOSEPH LEHMAN, in his official capacity as the Commissioner of Pennsylvania Department of Corrections; RAYMOND J. SOBINA, in his official capacity as Superintendent of the State Correctional Institution at Somerset; SYLVIA GIBSON, in her official capacity as Deputy Superintendent for Centralized Services of the State Correctional Institution at Somerset; GERALD ROZUM, in his official capacity as Acting Deputy Superintendent for Facilities Management of the State Correctional Institution at Somerset; DANIEL J. GEHLMANN, in his official capacity as Major of Unit Management of the State Correctional Institution at Somerset; and LEO GLASS, in his official capacity as Captain of Inmate Receiving Committee (I.R.C.) of the State Correctional Institution at Somerset, | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| | ) | Re: Doc. Nos. 106, 110, 115, 116 |
| Defendants. | ) | |

## ORDER

The complaint in this matter was filed in September 2003. Discovery was initially scheduled to end July 30, 2006, with Motions due September 30, 2006. On August 7, 2006 Plaintiff filed a motion requesting a 60 day extension of time to complete discovery. This request was granted and Plaintiff was given until October 30,

with the express notation that no further extensions would be granted. Since that time, rather than conduct whatever discovery Plaintiff needs, he has instead filed numerous motions, including 5 that are currently pending. The Court would like very much to move this matter forward.

Pending are a motion for sanctions, alleging that Plaintiff does not have his file, that he is being retaliated against by punitive confinement, stolen property and denial of access to the law library, copiers, and typewriters[1]. He has also asked for a hearing, filed a motion to compel compliance with a further order, a second request for extension and a his third motion for counsel.

Defendants have responded to the Motion for Sanctions (Doc. No. 114)[2]. The Court declines to get involved in the policies of the prison regarding law library access, photocopying and disciplinary matters. The Court is aware of the security concerns of a prison relative to allowing prisoners to have extensive papers in their cells. Plaintiff has not provided the Court with any proof that he has requested law library access, which has been denied. in addition, there are no legal motions pending and the Court questions what need Plaintiff has of the law library to simply compose discovery requests. Finally, Plaintiff has cited case law in many of the currently pending motions, that he apparently got from some legal source, thus belying his own allegations.

---

[1]This allegation is puzzling as the Court believes that Plaintiff always handwrites his motions and the issue of access to a typewriter does not in any way prohibit him from proceeding with this lawsuit.

[2]Defendants do not address the allegations of stolen property. as these do not affect Plaintiff's ability to proceed with this lawsuit, Plaintiff may pursue them via the appropriate internal grievance procedures.

Finally, while the Court would like nothing better than to locate counsel to represent Plaintiff, this is not an easy task. There are few lawyers willing and competent to undertake pro bono representation in these cases and the Court prefers to hold those requests for trials. In addition, this matter was ruled on by the undersigned via Order dated May 19, 2006 and the reasons set forth therein are hereby incorporated. Therefore,

This 31st day of October, 2006, **IT IS ORDERED** that Plaintiff's Motion for Sanctions and for a Hearing (Doc. No. 106) is **DENIED**;

Plaintiff's Motion to Compel (Doc. No. 110) compliance with a prior court order is **GRANTED** in that the Order of Court dated September 7, 2006 still stands;

Plaintiff's third Motion for Extension of Time to Complete Discovery (Doc. No. 115) is **GRANTED**. Discovery is extended to December 30, 2006. All requests for discovery must be sent prior to November 30, to ensure 30 days response time. Dispositive Motions are due no later than January 30, 2006, responses thereto to be filed within 30 days. **NO FURTHER REQUESTS WILL BE GRANTED**;

Plaintiff's Motion for Counsel (Doc. No. 116) is **DENIED** for the reasons set forth in the Court's Order dated May 22, 2006.

**IT IS FURTHER ORDERED** that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.1.3(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service of a copy of this Order to file objections to this Order. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.

Failure to file timely objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: BOB BRIGHTWELL
AM-5842
SCI Mahanoy
301 Morea Road
Frackville, PA 17932

Counsel of record