IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOB BRIGHTWELL, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 03 - 205J |
| | ) |
| vs. | ) |
| | ) Judge Kim R. Gibson / |
| JOSEPH LEHMAN, in his official capacity as the Commissioner of Pennsylvania Department of Corrections; RAYMOND J. SOBINA, in his official capacity as Superintendent of the State Correctional Institution at Somerset; SYLVIA GIBSON, in her official capacity as Deputy Superintendent for Centralized Services of the State Correctional Institution at Somerset; GERALD ROZUM, in his official capacity as Acting Deputy Superintendent for Facilities Management of the State Correctional Institution at Somerset; DANIEL J. GEHLMANN, in his official capacity as Major of Unit Management of the State Correctional Institution at Somerset; and LEO GLASS, in his official capacity as Captain of Inmate Receiving Committee (I.R.C.) of the State Correctional Institution at Somerset, | ) Magistrate Judge Lisa Pupo Lenihan ) ) ) ) Doc. No. 118 ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction, Hearings, Sanctions, (etc.) (doc. no. 118) be denied.

**II.  REPORT**

Plaintiff, Bob Brightwell, currently is serving a life sentence. Plaintiff's Complaint

alleges due process violations, breach of contract, Eighth Amendment violations, First Amendment violations; and violation of Plaintiff's privileges and immunities under the International Covenant on Civil and Political Rights and the Convention Against Torture. Specifically, he alleges that he has been improperly denied transfer to the general population, after he successfully completed the Special Management Unit ("SMU") at SCI-Greene. He contends that this violates both his due process rights and his contract rights when he agreed to undergo the SMU program in exchange for the Department of Corrections' promise to place him in general population if he successfully completed the SMU program. He currently is incarcerated at the State Correctional Institution at Mahoney.

Presently pending before the Court is Plaintiff's Motion for Preliminary Injunction (doc. no. 118). This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best

be served by granting the injunction.[1] Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).

It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Moreover, it is plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). Additionally, in carrying his burden to show irreparable harm, the plaintiff must make a clear showing that irreparable harm will occur immediately. See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future." Campbell Soup, 977 F.2d at 91 (internal quotations omitted). Because Plaintiff is seeking mandatory relief, his burden is particularly heavy. See Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir.

---

1. These elements also apply to temporary restraining orders. Fink v. Supreme Court of Pennsylvania, 646 F. Supp. 569, 570 (M.D. Pa. 1986). Cf. NutriSweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).

1982)).[2]

Plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989). This is not an easy burden. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). "The word irreparable connotes "that which cannot be repaired, retrieved, put down again, atoned for . . .." Acierno, 40 F.3d at 653.[3] Moreover, when considering the type of injury sustained by a party seeking relief, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury. . . ." Acierno, 40 F.3d at 655 (citations omitted). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Id.*

In his Motion, Plaintiff claims that on October 8, 2006, he submitted a request slip to the records supervisor for a copy of his DC-155 Power of Attorney that he allegedly had signed when he entered the system almost thirty years ago. When the prison authorities could not locate this document, they asked him to sign another form in order for them to handle his mail, documents,

---

2. *See also* Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994) (noting that intervention in the management of state prisons is rarely appropriate where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made); Fisher v. Goord, 981 F. Supp. 140 (W.D.N.Y. 1997) ("In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons.").

3. *See also* Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102-03 (3d Cir. 1988) (holding that the irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages).

and money. Plaintiff claims that prison authorities have no right to handle his mail or money without a power of attorney and is refusing to sign a new Power of Attorney to let them do this. He further complains that the prison authorities now will not handle his mail or money without a signed power of attorney.

As Defendants point out, Plaintiff has created the problem of which he complains. If he wants DOC staff to properly handle and channel his mail and grievances, he can sign a Power of Attorney. Otherwise, he has no basis upon which to complain. In other words, Plaintiff fails to show any immediate, irreparable injury that will result from the Court's denial of his Motion. Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Plaintiff has not demonstrated that he will suffer irreparable harm if the Court does not grant him injunctive relief. Accordingly, his Motion for Preliminary Injunction, Hearing, Sanctions, should be denied.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction, Hearing, Sanctions, etc. (doc. no. 118) should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

December 13, 2006

cc: Terrence F. McVerry
United States District Judge

Bob Brightwell
AM-5842
SCI Mahanoy
301 Morea Road
Frackville, PA 17932

Counsel of Record