```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

|   |   |
|---|---|
| BOB BRIGHTWELL, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 03-205J |
| vs. | ) Judge Kim R. Gibson/ |
| | ) Magistrate Judge Lisa |
| | ) Pupo Lenihan |
| JOSEPH LEHMAN, RAYMOND SOBINA, | ) |
| SYLVIA GIBSON, GERALD ROZUM, | ) |
| DANIEL J. GEHLMANN, and LEO GLASS, | ) |
| JEFFREY BEARD, EDWARD KLEM, KENNETH | ) |
| CHMIELEWSKI, MARVA CERULLO, and | ) |
| JOSEPH RUSH, | ) |
| | ) |
| Defendants | ) Re: Doc. Nos. 119 & 122 |
| | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that the Defendants' Motions for Summary Judgment (doc. nos. 119 and 122) be granted.

**II.     REPORT**

Plaintiff, Bobby Brightwell, currently is serving a life sentence for murder. Plaintiff's amended complaint alleged violations of his federal Constitutional rights and a state law contract claim, doc. no. 41, with respect to his conditions of confinement. Attached to that Amended Complaint are numerous documents. On April 29, 2005, the Department of Corrections (DOC) defendants filed a motion to dismiss, doc. no. 46 and a brief in support, doc. no. 47. Thereafter, Defendant Rush, a physician's assistant at SCI-Mahanoy, filed a motion to dismiss, doc. no. 59

and a brief in support, doc. no. 60. Subsequently, Plaintiff filed his brief in opposition with additional documents attached, doc. no. 68.

On December 5, 2005, this Court issued a Report and Recommendation that Defendants' Motions to Dismiss be granted in part and denied in part. Specifically, the Court recommended that the motions to dismiss should be granted as to Plaintiff's procedural due process claims (Count I), his state law contract claim (Count II), his International Treaty claims (Count V) and his Eighth Amendment claim regarding Keri Lotion and denied as to the remaining Eighth Amendment claims and the First Amendment retaliation claim. The Honorable Kim R. Gibson adopted the Report and Recommendation on April 10, 2006 (doc. no. 78).

On November 30, 2006, the DOC Defendants and Defendant Rush filed Motions for Summary Judgment (doc. nos. 119 & 122) and Briefs in support thereof (doc. nos. 120 & 123). For the reasons set forth below, the Motions should be granted.

### A. Summary Judgment Standard

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "... the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to

establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact.  Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  Matsushita Elec.. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  The inquiry, then, involves determining "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-52).  If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted.  Anderson, 477 U.S. at 249-50.

   B.  Remaining Eighth Amendment Violations

  Plaintiff's remaining Eighth Amendment claims are as follows.  First, he alleges that he was prescribed an American Diabetes Association (ADA) diet to control his diabetes, which he

was denied. Second, he alleges that he has a foreign object in his eye due to a botched prior surgery, which Defendants allow to remain in the eye. He also claims that while in the AC status at SCI-Somerset, his cell was cold and he was not provided with adequate clothing. Finally, he claims that Defendant Rush failed to provide him with adequate medical care following an alleged diabetic episode that occurred on May 4, 2004.

In order to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825 (1994).

In the context of an alleged denial of adequate medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. *Id.* The first element requires a plaintiff to

demonstrate a medical need that is objectively "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person easily would recognize the necessity for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The second element requires a plaintiff to demonstrate that officials subjectively acted with a sufficiently culpable state of mind. In this regard, a plaintiff must demonstrate that a defendant's acts constituted "an unnecessary and wanton infliction of pain" or were "repugnant to the conscience of mankind." Gamble, 429 U.S. at 105-106. With respect to claims for inadequate medical treatment, defendants may exhibit deliberate indifference by intentionally denying or delaying access to medical care, or by intentionally interfering with the treatment once prescribed. *Id*. However, an inadvertent failure to provide adequate medical care does not evidence deliberate indifference. *Id*. Furthermore, while an intentional refusal to provide any medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, the Eighth Amendment does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere. A disagreement as to the appropriate

choice of medical treatment does not give rise to a constitutional violation; the right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice. Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983); White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

The affidavit of the Corrections Health Care Administrator at the State Correctional Institution at Mahanoy (SCI-Mahanoy) shows that Plaintiff is receiving a Heart Healthy Diet, which is a proper diabetic diet.  Plaintiff has not submitted any evidence refuting this assertion.  Similarly, the affidavit explains that Brightwell disagrees with an optometrist's prescription of bifocals for his vision problems.  No medical evidence supports Plaintiff's allegations of a foreign object in his eye.  Similarly, neither the cold he caught from his allegedly badly heated cell[1] nor his self-described liver and kidney pains qualify as "serious medical conditions" implicating the Eighth Amendment without medical proof. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (expert testimony is required to support allegations of serious medical need); Boring v. Kozakiewicz, 833

---

1. The affidavit of the Mahanoy Facility Maintenance manager shows the basic range at which the interior temperature of the facility was maintained in the Fall of 2003, which was between 68 and 72 degrees Fahrenheit, doc. no. 120-3, p.7.

F.2d 468 (3d Cir. 1987) (pretrial detainees failed to state an claim of deliberate indifference regarding delays in elective treatment of various physical injuries because the inmates were unable to present medical evidence that that the injuries were serious), *cert. denied*, 485 U.S. 991 (1988).

In the absence of any expert testimony linking Plaintiff's Eighth Amendment claims to any actual injury, Plaintiff cannot meet his burden of proof.  <u>Ford v. Mercer County correctional Facility</u>, 171 Fed. Appx. 416, 421 (3d Cir. 2006) (affirming summary judgment entered against an inmate where the inmate failed to present expert scientific evidence supporting causation claims).

The proof of record is that Defendants employed reasonable safeguards to provide adequate food and medical care and to maintain adequate temperatures at the facility.  Plaintiff submitted no evidence to refute this.  Moreover, there is no evidence of punitive motivation on the part of Defendants.  Nor is there any evidence to link Plaintiff's alleged medical conditions to the conditions of his confinement.

Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Johnson v. Horn</u>, 150 F.3d 276, 283 (3d Cir.

1998); Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190 (3d Cir. 1995) ("When the movant has produced evidence in support of his motion, the non-movants cannot rest on their pleadings, but must come forward with enough evidence to create a material issue of fact."). Plaintiff has failed to meet his burden of demonstrating a genuine issue of fact about whether he was suffering from any serious medical need that posed a substantial risk of serious harm. Because evidence of this nature is required in order for an inmate's claim to succeed, Plaintiff's failure to meet this burden is fatal to his case.[2]

Moreover, on these facts, no reasonable jury could conclude that Defendants were deliberately indifferent to Plaintiff's needs or that they consciously disregarded a substantial risk of serious harm to Plaintiff. In this regard, Plaintiff complains that Defendant Rush failed to respond to an

---

2  *Accord* Sherrer v. Stephens, 50 F.3d 496, 497 (8th Cir. 1995) (inmate failed to submit sufficient evidence that defendants ignored an acute or escalating situation or that delays adversely affected his prognosis, given the type of injury in this case); Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995) (inmate failed to present any verifying medical evidence to establish the objective component of his claim); Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994) (an inmate complaining that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to succeed); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990) (to objectively determine whether a "serious deprivation" of a basic human need has occurred (*i.e.*, whether prison conditions to rise to the level of unconstitutional punishment), there must be evidence of a serious medical and emotional deterioration attributable to the challenged condition).

emergency when he allegedly experienced a fainting spell. Brightwell complained that the fainting spell was related to his diabetes. In an Inmate's Request to Staff (DC-135A) dated May 8, 2004 and referred to CHCA Cerulla, Plaintiff claimed that he began to experience the on-set of a fainting spell which required several correctional personnel to render assistance by getting him seated and supplying him with water, candy and sugar until he felt better. According to the record evidence, Defendant Rush happened on the scene after Plaintiff had been essentially restored to himself and was feeling better. Rush declined a request from the correctional officers to immediately check out Plaintiff as it did not seem to him that Plaintiff required any medical help. Significantly, Brightwell did not ask to see the medical department or put in a sick call after the episode.

The record simply does not demonstrate deliberate indifference for purposes of asserting an Eighth Amendment violation. *See* Young v. Quinlan, 960 at 358 (3d Cir. 1992) (district court properly granted summary judgment where no rational trier of fact could reasonably conclude that the defendants were deliberately indifferent to plaintiff's medical needs); Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991) (where there is no evidence of treatment so inadequate as to shock the conscience, let alone that any deficiency was intentional or evidence of acts or omissions so dangerous that a defendant's knowledge of a large risk

can be inferred, summary judgment is appropriate).

Thus, summary judgment should be granted as to Plaintiff's Eighth Amendment claims.

### C. Retaliation

Brightwell claims that the defendants retaliated against him for the exercise of his First Amendment rights.  Specifically, he claims that Defendants filed a false misconduct report against him because he wrote a letter to the Pennsylvania Bureau of Professional and Occupational Affairs complaining about Defendant Rush's refusal to examine him following his "fainting" episode as described on page 9 herein.

On May 11, 2004, Plaintiff filed an Inmate Request to Staff Member health Care Administrator complaining that Rush failed to administer aid during the May 7, 2004 incident.  Defendant Cerulla responded to this request as follows.

> Mr. Brightwell
>
> According to my investigation this is not exactly what happened.  Mr. Rush felt that you were fine by the time he saw you.  You did not need medical attention.  He was not called to see you, he was there for another reason.  Obviously, he was right.  You have not been seen in medical since 4-23-04.

Doc. no. 120-2, p. 10.

On May 13, 2004, Plaintiff wrote a letter to David M. Williams, Commissioner of the Bureau of Professional and Occupational Affairs.  In the letter, Plaintiff stated, *inter alia*,

10

the following.

> This outlines an incident that occurred on May 7, 2004 involving the conduct of Joe Rush, a physician's assistant employed by the prison. It is on record that I have a documented history of diabetes. On the date and time in question I was in the throes of a 'Diabetic Attack,' that is to say my blood sugar level had fallen to a level which brought on severe symptoms of confusion, dizziness, etc. Mr. Rush is a licensed physician's assistant. He was in the vicinity of where I experienced my crisis. He was directly informed about what had occurred. Instead of rendering assistance, he callously and abruptly left the area.

doc. no. 120-2, p. 14.

On June 1, 2004, Defendants Cerulla and Rush filed a misconduct against Plaintiff for lying to officials based on his account of the incident in the May 13, 2004 letter. Subsequently, the misconduct was dismissed without prejudice to refiling, doc. no. 120-3, p. 3.

It is well settled that retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution, which is actionable under section 1983. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990). However, merely alleging the fact of retaliation is insufficient; in order to prevail on a retaliation claim, a plaintiff must show three things: (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) that he was subjected to adverse actions by a state

11

actor (here, the prison officials); and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. *See* Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Anderson v. Davila, 125 F.3d 148, 163 (3d Cir. 1997).

A plaintiff can satisfy the second requirement by demonstrating that the "adverse" action "was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." *See* Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000). The third factor, "motivation," may be established by alleging a chronology of events from which retaliation plausibly may be inferred. Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Goff v. Burton, 91 F.3d 1188 (8th Cir. 1996); Pride v. Peters, 72 F.3d 132 (Table), 1995 WL 746190 (7th Cir. 1995).

If the plaintiff proves these three elements, the burden shifts to the state actor to prove that it would have taken the same action without the unconstitutional factors. Mt. Healthy, 429 U.S. at 287. "This means that, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. Because retaliation claims can be easily fabricated, district

12

courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner.  *See* Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

A prisoner's ability to file grievances and lawsuits against prison officials is a protected activity for purposes of a retaliation claim.  *See* Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981) (retaliation for exercising right to petition for redress of grievances states a cause of action for damages arising under the constitution); Woods, 60 F.3d at 1165 (prison officials may not retaliate against an inmate for complaining about a guard's misconduct).  However, Plaintiff does not have a First Amendment Right to provide false statements.  Hadden v. Howard, 713 F.2d 1003, 1007 (3d Cir. 1983)(discussing at length that inmates have no right to lie about prison personnel in documents submitted through Pennsylvania's inmate complaint process); Hale v. Scott, 371 F.3d 917 (7th Cir. 2004) (collecting authorities confirming that inmates have no constitutional right to make false accusations about prison personnel).

The affidavit submitted in support of the summary judgment motion by Defendant's Corrections Health Care Administrator Marva Cerullo avers that Plaintiff fabricated

13

Defendant Rush's actions during the incident of May 7, 2004. She points out that the prison hearing examiner found that Brightwell's charges concerning Mr. Rush were untrue and Brightwell chose not to challenge this finding. Nothing in Plaintiff's filings support his claim regarding Rush's behavior. Thus, the record evidence does not support the first element of a retaliation claim was constitutionally protected. Plaintiff has no constitutionally protected right to file a false claim. <u>Schoonejongen v. Curtiss-Wright Corp.</u>, 143 F.3d 120 (3d Cir. 1998) (a nonmoving party may not defeat summary judgment simply by asserting that a jury might disbelieve an opponent's affidavit. If the record as a whole points in one direction, then the dispute is not genuine).

With respect to the second element, plaintiff alleges that he received a "false" misconduct reports. However, he did not receive any adverse action as a result because the misconduct was dismissed without prejudice. Thus, it does not appear that Plaintiff meets the second criterion as well.

The third element of a retaliation claim requires a plaintiff to demonstrate that the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. Because Plaintiff's activity was not "protected," *i.e.*, it was false, this factor is not relevant. Moreover, the record evidence supports the charge of lying to an

employee.[3]  Consequently, Plaintiff has not shown the third element, motivation, to support his retaliation claim.  Because the record evidence does not support Plaintiff's retaliation claims, Defendants are entitled to summary judgment.

### III. CONCLUSION

It is respectfully recommended that the Defendants' Motions for Summary Judgment (doc. nos. 119 and 122) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have ten (10) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: May 23, 2007

cc:  The Honorable Kim R. Gibson

---

3. With respect to his allegations that the defendants issued false misconduct reports, the filing of a prison disciplinary report is not actionable under 42 U.S.C. § 1983 as prohibited "retaliation" unless the report is, in fact, false.  See Carter v. McGrady, 292 F.3d 152 (3d Cir. 2002) (noting that even if prison officials were motivated by animus to jailhouse lawyers, there was sufficient evidence of the plaintiff's misconduct offenses to conclude that the misconducts would have issued notwithstanding his jailhouse lawyering).

United States District Judge

Bob Brightwell
AM-5842
SCI Mahanoy
301 Morea Road
Frackville, PA 17932

all counsel of record